reconsideration of this court's May 25, 2007 denial of appellant's May 21, 2007, application for leave to file a valid complaint,

It is ordered by the court that the motion is denied.

**In re application for leave to file original action in mandamus against the Third Appellate District Judges.**

On November 29, 2006, this court found Romane Rickels to be a vexatious litigator under S.Ct.Prac.R. XIV(5)(B). This court further ordered that Rickels was prohibited from continuing or instituting legal proceedings in this court without first obtaining leave. On June 1, 2007, Rickels submitted an application for leave to file an original action in mandamus against the Third Appellate District Judges. Upon review of the proffered filing, the court finds it to be without merit. Accordingly,

It is ordered by the court that Romane Rickel's June 1, 2007 application for leave is denied.

## MISCELLANEOUS ORDERS

| | | |
|---|---|---|
| In re Report of the Commission | : | |
| On Continuing Legal Education. | : | Case No. CLE–2006–34021 |
| | : | |
| Sterling Everard Gill II | : | ENTRY |
| ( # 0034021), | : | |
| Respondent. | : | |

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education ("commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 2004–2005 reporting period.

On April 27, 2007, this court adopted the recommendation of the commission, imposed a sanction fee upon the respondent, and suspended the respondent from the practice of law pursuant to Gov.Bar R. X(6)(B)(3) and (5)(A)(4). The court further ordered that respondent shall not be reinstated to the practice of law in Ohio until respondent complies with the requirements for reinstatement set forth in Gov.Bar R. X(7), respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, respondent complies with this and all other orders of the court, and this court orders respondent reinstated.

On May 3, 2007, the commission filed a recommendation pursuant to Gov.Bar R. X(7)(B)(2) finding that the respondent has paid all fees assessed for noncompliance, has made up all deficiencies and is now in full compliance with all requirements of Gov.Bar R. X, and recommending that the respondent be reinstated to the practice of law in Ohio. The commission certified that respondent had completed the credit hours of continuing legal education required during the suspension by this court's order of suspension. Respondent has satisfied all the requirements of this court's order of suspension. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission is adopted and respondent, Sterling Everard Gill II is hereby reinstated to the practice of law.

## MEDIATION REFERRALS

The following case has been referred to mediation pursuant to S.Ct.Prac.R. XIV(6):

**2006–2062. Air Prods. & Chemicals, Inc. v. Levin.**
Board of Tax Appeals, No. 2005–A–20.

## CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS
*June 6, 2007*

[Cite as *06/06/2007 Case Announcements,* 2007-Ohio-2632.]